ROYALTY PAYMENTS — QUALIFYING AS UNCLAIMED PROPERTY When oil and gas royalties are owing to royalty owners, and the royalties are being held in "suspense" by the lessee or purchaser because the royalty owners cannot be located, the royalty payments being so held qualify as unclaimed property, after the specified time, under the Oklahoma Uniform Disposition of Unclaimed Property Act, Title 60 O.S. 651 [60-651] (1971) et seq. The Attorney General has received and considered your request for an opinion wherein you ask: "When oil and gas royalties are owing to royalty owners, and the royalties are being held in `suspense' by the lessee or purchaser because the royalty owners cannot be located, do the royalty payments being so held qualify as unclaimed property, after the specified time, under the Oklahoma Uniform Disposition of Unclaimed Property Act?" The Oklahoma Uniform Disposition of Unclaimed Property Act is contained in Title 60 O.S. 651 [60-651] through 60 O.S. 687 [60-687] (1971). Section 60 O.S. 656 [60-656] of the Act provides as follows: "All intangible personal property and any income or increment thereon held in a fiduciary capacity for the benefit of another person is presumed abandoned unless the owner has, within fourteen years after it becomes payable or distributable, increased or decreased the principal, accepted payment of principal or income, corresponded in writing concerning the property, or otherwise indicated an interest as evidenced by memorandum on file with the fiduciary: (a) If the property is held by a banking organization, or a financial organization, or by a business association organized under the laws of or created in this state; or (b) If it is held by a business association, doing business in this state, but not organized under the laws of or created in this state, and the records of the business association indicate that the last known address of the person entitled thereto is in this state; or (c) if it is held in this state by an other person." For property to qualify as being "unclaimed" under the provisions of Section 60 O.S. 656 [60-656] of the Act, it appears that four elements must exist: (1) Property must be "intangible personal property and any income or increment thereon," (2) Property must be "held in a fiduciary capacity for the benefit of another person," (3) The owner of the property must not have performed any of the acts enumerated in Section 656 "within fourteen years after it becomes payable or distributable," and (4) The person holding such property must fall within the definition contained within Section 656. The definition contained in the Act of the "organizations" or "persons" holding such properties is sufficiently inclusive to include lessees or purchasers who are holding royalty payments for the owners thereof. In answering your question, it will be assumed that the owners of such royalty payments have done none of the acts enumerated within the Act within fourteen years after the royalties became payable or distributable. The question of whether the right to receive oil and gas royalties is an "intangible personal property" right, is answered by the provisions of Article X, Section 6A, Oklahoma Constitution, which provides: "Intangible personal property exempt from ad valorem or other tax.—Intangible personal property as below denied shall not be subject to ad valorem tax or to any other tax in lieu of ad valorem tax within this State: (a) Money and cash on hand, including currency, gold, silver, and other coin, bank drafts, certified checks, and cashier's checks. (b) Money on deposit in any bank, trust company, or other depository of money, within or without the State of Oklahoma, including certificates of deposit. (d) Bonds, promissory notes, debentures, and all other evidences of debt, whether secured or unsecured; except notes, debentures, and other evidences of debt secured by real estate mortgages which are subject to the Mortgage Restriction Tax under Sections 12351-12362, inclusive, Oklahoma Statutes, 1931 (68 O.S. 1171 [68-1171] — 68 O.S. 1182 [68-1182] (1961)). (e) Shares of stock or other written evidence or proportional shares of beneficial interests in corporations, joint stock companies, associations, syndicates, express or business trusts, special or limited partnerships, or other business organizations. (f) All interests in property held in trust or on deposit within or without this State, and whether or not evidenced by certificates, shares, or other written evidence of beneficial ownership. (g) Final judgments for the payment of money. (h) All annuities and annuity contracts." It is therefore concluded that the right to receive oil and gas royalties comes within the meaning of "intangible personal property" as that phrase is used in Title 60 O.S. 656 [60-656] (1971). Oil and gas royalties being held by a lessee or purchaser, and payable to an oil and gas royalty owner, is being held "in a fiduciary capacity for the benefit of another person" as that phrase is used in Title 60 O.S. 656 [60-656] (1971). Black's Law Dictionary, 4th Edition, contains the following definition: "Fiduciary capacity. One is said to act in a `fiduciary capacity' or to receive money or contract a debt in a `fiduciary capacity', when the business which he transacts, or the money or property which he handles, is not his own or for his own benefit, but for the benefit of another person, as to whom he stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other part. The term is not restricted to technical or express trusts, but includes also such offices or relation as those of an attorney at law, a guardian, executor, or broker, a director of a corporation, and a public officer . . . ." It is the opinion of the Attorney General that your question be answered in the affirmative. When oil and gas royalties are owing to royalty owners, and the royalties are being held in "suspense" by the lessee or purchaser because the royalty owners cannot be located, the royalty payments being so held qualify as unclaimed property, after the specified time, under the Oklahoma Uniform Disposition of Unclaimed Property Act, Title 60 O.S. 651 [60-651] (1971) et seq. (Odie A. Nance)